# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEE TREVINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-1424 CAS |
| ) | |
| JEREMY BRATTON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss. Plaintiff did not file a response to defendants' motion. For the following reasons, the Court will grant defendants' motion to dismiss.

**Background**

Plaintiff James Trevino filed this action against defendants St. Charles City Police Officers Jeremy Bratton and Peter Sansone[1] pursuant to 42 U.S.C. § 1983, alleging that after his arrest, the defendants struck him with a flashlight several times causing injuries to his head, legs and jaw. Trevino states that he did not provoke the attack by the officers. Defendants filed a motion to dismiss or in the alternative a motion for a more definite statement. Plaintiff did not file a response to defendants' motion, but plaintiff did file a motion for leave to amend his complaint. In that motion, plaintiff requested that the Court increase the prayer for damages amount to $250,000 and include the St. Charles City Police Department as a defendant.

---

[1] The person listed as defendant "Sansone (Police Officer)" in plaintiff's complaint has been identified as Peter Sansone.

## II. Standard on Motion to Dismiss

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). Nevertheless, pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (quoting Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III. Discussion

Defendants assert that plaintiff's complaint should be dismissed for failure to state a claim because (1) Trevino fails to aver whether he seeks recovery from Sansone or Bratton in their individual or official capacities, (2) if the suit is found to be properly brought against the defendants in either their official or individual capacities, it fails to allege the defendants deprived plaintiff of a constitutional right while acting under color of state law, (3) if the suit was properly brought against

the defendants in their official capacities, plaintiff fails to allege that either defendant engaged in activity that implemented an unconstitutional policy or custom adopted by the municipality, or engaged in activity where either individual possessed final authority, over the activity and used that authority in an unconstitutional manner, and (4) the complaint fails to plead a cause of action for false imprisonment.

The Eighth Circuit has repeatedly stated that a party wishing to sue an individual in both his individual and official capacities must "expressly and unambiguously" so specify in the pleadings. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). This language is required in order to give public servants proper notice that they are being exposed to civil liability and damages under § 1983. Murphy v. State of Arkansas, 127 F.3d 750, 754-55 (8th Cir. 1997). "Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." Johnson, 172 F.3d at 535 (citing Kentucky v. Graham, 473 U.S. 159, 165 (1985)). In this action, plaintiff does not state whether he is suing the defendants in their official or individual capacities. Therefore, the Court must construe plaintiff's complaint as alleging official capacity claims and interprets the claims against the police officer defendants as a suit against their employer, The City of St. Charles, Missouri. See Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).

In a § 1983 case, "a municipality may only be held liable for constitutional violations which result from a policy or custom of the municipality." Yellow Horse v. Pennington County, 225 F.3d 923, 928 (8th Cir. 2000). Defendants assert that plaintiff's complaint fails to allege that the officers acted pursuant to an unconstitutional municipal policy or custom. Plaintiff does not have to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to

3

dismiss." Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004). "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." Id. (citing Doe v. School Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir.2003)). The deficiency in plaintiff's complaint is that there is a "complete absence of allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom" of the City of St. Charles. Crumpley-Patterson, 388 F.3d at 591. Therefore, plaintiff's complaint should be dismissed for failure to state a claim.[2]

Plaintiff's proposed amendment to his complaint would be futile, and therefore his motion to amend his complaint will be denied. In his motion to amend complaint, plaintiff writes, "Change Damages Amount to 250,000 from 50,000" and "Include St. Charles City Police Dept. as Defendants." Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Unless there is a good reason for denial, 'such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment, leave to amend should be granted.'" Becker v. University of Nebraska, 191 F.3d 904, 907-08 (8th Cir. 1999) (citing Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992)). District courts have the power to deny leave to amend if the proposed changes would not remedy the deficiencies of the original complaint. Slavin v. United States, 403 F.3d 522, 524 (8th Cir. 2005) (citing Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989)). Because plaintiff's proposed amendments would not cure the deficiencies in the complaint, the Court will deny plaintiff's motion for leave to amend.[3]

---

[2]The Court finds that plaintiff has not pled a common law claim for false imprisonment, therefore the Court does not address defendants' arguments concerning such a claim.

[3]The Court also notes that it does not allow parties to amend pleadings by interlineation or supplementation. If a party wishes to file an amended pleading, the party must file a motion for leave

4

Accordingly,

**IT IS HEREBY ORDERED** that defendants Jeremy Bratton and Peter Sansone's first motion to dismiss for failure to state a claim is **GRANTED**. [Doc. 13]

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend complaint is **DENIED**. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [Doc. 19]

An appropriate order of dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of July, 2006.

---

to file an amended pleading with a copy of the proposed amended pleading attached.